11-3832                                                                    BIA
Sherpa v. Holder                                                           Hom, IJ
A099 697 129

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand thirteen.

PRESENT:
>           JOHN M. WALKER, JR.,
>           ROBERT A. KATZMANN,
>           BARRINGTON D. PARKER,
>                *Circuit Judges.*

_____

PEMA CHHEWANG SHERPA,
>           *Petitioner,*

>           v.                                        11-3832
>                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:              Khagendra Gharti-Chhetry, New York, N.Y.

FOR RESPONDENT:              Stuart F. Delery, Acting Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Deitz P. Lefort, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Pema Chhewang Sherpa, a native and citizen of Nepal, seeks review of an August 24, 2011, decision of the BIA affirming the November 2, 2009, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pema Chhewang Sherpa*, No. A099 697 129 (B.I.A. Aug. 24, 2011), *aff'g* No. A099 697 129 (Immig. Ct. N.Y. City Nov. 2, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (citation omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Sherpa's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on any inconsistencies or omissions in the applicant's statements, without regard to whether the inconsistencies or omissions go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

The agency found that Sherpa's testimony was incredible because his original asylum application filed in May 2006 and his amended application filed in July 2006 were inconsistent with his testimony during his merits hearing regarding alleged attacks by Maoists in 2002, 2003 and 2004. Sherpa acknowledges the inconsistencies but argues that the adverse credibility determination overly relied on the minor discrepancies. However, the BIA reasonably found no clear error in the IJ's adverse credibility determination based on the omissions and inconsistencies. *See Xiu Xia Lin*, 534 F.3d at 167.

Sherpa also argues that he was not legally responsible for his May and July 2006 applications because he "did not

3

understand the contents of the documents he signed." However, as the IJ noted, Sherpa's signature on his applications established a presumption that he was aware of the contents of the applications. *See* 8 C.F.R. § 1208.3(c)(2). Sherpa attempts to overcome this presumption by explaining that the inconsistencies in his first two asylum applications were "mistakes" caused by "confusion" with his former attorney regarding when or whether to file the applications. However, the agency reasonably rejected this explanation because it contradicted Sherpa's testimony that he provided "examples" of his interaction with the Maoists to a third party at his prior attorney's office who used his examples and "made up" false information for his asylum applications. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

To the extent Sherpa argues that he is entitled to withholding of removal and CAT relief independent from his incredible testimony based on the background materials submitted with his applications, Sherpa does not identify

4

any specific record evidence indicating that he will be singled out for harm on account of a protected ground, or for any other reason thus, his generalized assertion of a fear of future harm is merely speculative and inadequate to meet his burden of proof. *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (absent "solid support" in the record that his fear is objectively reasonable, a petitioner's claim is "speculative at best").

Therefore, because the totality of the circumstances supports the agency's adverse credibility determination, we defer to that finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. As the only evidence of a threat to Sherpa's life or freedom depended upon his credibility, the adverse credibility determination in this case is dispositive of his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

5

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk